## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VERNON NORMAN EARLE,      )
                             )
        Plaintiff,         )
                             )
        v.              )     Civil No. 1:06-00072 (PLF)
                             )
WASHINGTON DC POLICE DEPT. et al,[1] )
                             )
        Defendant.      )
_____)

## DEFENDANT THE DISTRICT OF COLUMBIA'S
## MOTION FOR SUMMARY JUDGMENT

Defendant the District of Columbia, by and through counsel, and pursuant to Fed.

R. Civ. P. 56, respectfully moves this honorable court to dismiss this action against it.  As

grounds thereof, the District state that: (1) Plaintiff's claim is barred by the District's

residual three-year statute of limitations; (2) the Vienna Convention on Consular

Relations (VCCR) does not create individually enforceable rights; and (3) Plaintiff's

belated discovery of rights he alleges he has under the VCCR does not postpone the

accrual of Plaintiff's cause of action.

WHEREFORE, the District respectfully requests that its Motion be granted and

that this matter be dismissed with prejudice.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[1] This action is now against the District of Columbia and other named defendants. *See* Amended
Complaint.

/s/ Kimberly M. Johnson    *wj*
KIMBERLY MATTHEWS JOHNSON [#435163]
Chief, General Litigation Section I


/S/   Soriya R. Chhe
SORIYA R. CHHE [#986736]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
Tel: (202) 724-6522
Fax: (202) 741-0581
soriya.chhe@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2009, I caused a true and correct copy of

the foregoing MOTION FOR SUMMARY JUDGMENT to be filed via the Court's

CM/ECF system and served electronically on:

Christopher Amar, Esq.
Hogan and Hartson, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004

/s/ Soriya R. Chhe
SORIYA R. CHHE
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VERNON NORMAN EARLE,      )
                              )
        Plaintiff,          )
                              )
        v.               )      Civil No. 1:06-00072 (PLF)
                              )
WASHINGTON DC POLICE DEPT. et al,  )
                              )
        Defendant.      )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT THE DISTRICT OF
## COLUMBIA'S MOTION FOR SUMMARY JUDGMENT

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2006, Plaintiff, a citizen of Jamaica, who is serving a life sentence at a federal penitentiary, filed a complaint against the "Washington D.C. Police Department," the United States Attorney for the District of Columbia, the Immigration and Naturalization Service, and James Joyner (his criminal defense attorney).   See Complaint § 4.

The complaint alleges that, on June 3, 1985 – over 20 years earlier – Plaintiff was arrested in the District of Columbia and that the officers who arrested him, as well as the federal defendants and his criminal defense attorney, did not advise him of his right under Article 36 of the Vienna Convention on Consular Relations (hereinafter "VCCR") to contact his consular office.

The complaint states that it was brought under 42 U.S.C. § 1983 "to redress the deprivation of rights under Article 36 of the Vienna Convention." See Complaint §6.   It

states that Plaintiff "seek[s] to recover compensatory and punitive damages for the deprivation of these rights" in the amount of "$15,000,000." See Complaint §6.

Plaintiff filed an application to proceed in forma pauperis. See Record Document 2. The district court (Roberts, J.) granted the application but dismissed the complaint under the Prison Litigation Reform Act ("PLRA"). See Record Document 4. With respect to defendant Washington D.C. Police Department, the court explained:

> The District of Columbia's three-year statute of limitations applies to § 1983 actions against the District. Does I Through III v. District of Columbia, 232 F.R.D. 18, 30-31 (D.D.C. 2005). The conduct of the police department occurred 20 years ago. Thus, plaintiff's claim is barred by the statute of limitations.

Memorandum Opinion dated January 6, 2006 ¶ 3. With respect to the federal defendants, the district court held that the action was barred by the two-year statute of limitations under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The court noted that "[t]he most recent conduct alleged in the complaint was committed by the INS [Immigration and Naturalization Service] in 1995." Memorandum Opinion dated January 6, 2006 ¶ 2. None of the defendants were served with the complaint before it was dismissed.

On November 14, 2007, the Court of Appeals affirmed dismissal of Plaintiff's claims against the federal defendants as barred by the two-year statute of limitations under the Federal Tort Claims Act, 28 U.S.C. § 2401(b). However, the Court did not affirm dismissal of the claims against the District and Mr. Joyner but directed them to address whether Plaintiff's claims were tolled during his incarceration pursuant to D.C. Code § 12-302(a)(3).

On December 14, 2007, the District, having been brought into the case for the first time, filed a motion for summary affirmance before the Court of Appeals arguing

that the district court correctly dismissed the case because it was barred by the statute of limitations. The District attached the declaration of Patricia B. Britton, Deputy Director of the District of Columbia Department of Corrections, stating that Plaintiff escaped from the Lorton Reformatory on September 19, 1988, and remained on escape status until he was captured on March 7, 1989. (See Attached Exhibit 1). The District also attached an article from the Washington Post, dated September 20, 1988, reporting on Plaintiff's escape from Lorton, and an article from the Richmond Times-Dispatch, dated March 8, 1989, reporting on Plaintiff's capture in Baltimore by the United States Marshals Service. (See Attached Exhibit 2 and 3).

Plaintiff, in his opposition to the District's motion for summary affirmance, conceded that he had escaped:

> On or about 8-19-1988, appellant did take flight from custody, on or about 3-7-1989, appellant was apprehended and returned to custody without incident or a new criminal charge.

Plaintiff's Opposition to the District's Motion for Summary Affirmance at 2.

On October 29, 2008, the Court of Appeals vacated the judgment of the District Court and remanded the matter because the trial court dismissal of the matter before docketing precluded the parties from addressing issues raised on appeal before the trial court. The issues cited by the Court to be addressed on remand include

> (1) tolling; (2) whether Earle's escape from prison affects the tolling; (3) when the cause of action accrued; (4) whether Earle must seek to amend his complaint to assert with clarity a claim of municipal liability against the city; and (5) whether Article 36 of the Vienna Convention on Consular Relations creates individually enforceable rights.

Judgment from Court of Appeals dated October 29, 2008, Page 1.

After remand, Plaintiff acquired counsel and the parties agreed to allow Plaintiff to amend his complaint.  On November 19, 2009, Plaintiff, through counsel, filed an amended complaint, naming as parties the District of Columbia and other Officers with the Metropolitan Police Department (MPD) in their individual and official capacities.[2] Plaintiff contends that on June 13, 1985, he was arrested by the MPD and charged with Assault with Intent to Kill while Armed.  See Amended Complaint ¶ 15.  Plaintiff alleges that the police did not advise or inform him of his rights under Article 36 of the Vienna Convention on Consular Relations from the time of his arrest through his incarceration. *Id* ¶ 18 - 29.  Plaintiff contends that he did not become aware of this right until 2004. *Id* ¶ 29.  He alleges that this was a violation of 42 U.S.C. § 1983 for which he seeks declaratory and injunctive relief.  *Id* ¶ 32 - 35.

## II.    STANDARD FOR REVIEW

### A.  Standard for Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b)

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993), the movant is not obligated to present supporting evidence.  Instead the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case.  At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v.*

---

[2] None of the individual officers named in the Amended Complaint appear to have been served. *See* Court Docket as of December 28, 2009.

*Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993).   Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

Since, even making all reasonable inferences in the plaintiff's favor, the plaintiff has not stated a claim against the District, the District is entitled to judgment as a matter of law and summary judgment should be granted in its favor.

III.   **ARGUMENT**

**A. Plaintiff's claim is barred by the statute of limitations and is not subject to tolling**

The Supreme Court has held that the residual statute of limitations for personal injuries claims under state law applies to a claim under § 1983. See *Owens v. Okure*, 488 U.S. 235, 243-250  (1989).    The statute of limitations applicable to actions brought in the District under § 1983 is the residual, three-year statute of limitations under D.C. Code § 12-301(8) (2001).  See *Singletary v. District of Columbia*, 351 F.3d 519, 530 n.11 (D.C. Cir. 2003).

The borrowing of state statutes of limitations for § 1983 actions also includes state tolling provisions.  See *Hardin  v. Straub*, 490 U.S. 536, 539 (1989).   D.C. Code § 12-302(a)(3) (2001) provides:

> (a) . . . [W]hen a person entitled to maintain an action is, at the time the right of action accrues:
> . . .
> (3) imprisoned – he or his proper representative may bring action within the time limit after the disability is removed.

However, in *District of Columbia v. Tinker*, 691 A.2d 57 (D.C. 1997), the D.C. Court of Appeals held that, once a person is no longer imprisoned – whether validly or invalidly –

the "disability is removed" within the meaning of the statute and the limitations period starts running and is not retolled by the person's subsequent reincarceration.

In *Tinker*, a prisoner was arrested on September 10, 1988, and incarcerated. He was mistakenly released on August 11, 1989, but was rearrested five weeks later on September 15, 1989. He was paroled on September 28, 1990. On July 19, 1991, he filed suit against the District for excessive force arising out of his arrest. The court held that his action was barred by the one-year statute of limitations for intentional torts because the period started running on August 11, 1989, when he was released by mistake, and was not retolled by his reincarceration. The court explained:

> . . . [R]egardless of the validity of Tinker's initial release from custody in August of 1989, the fact remains that at that instant his disability of imprisonment was removed. Thus he was immediately able to pursue his claim against the District, and the time within which the law allowed him to do so – i.e., the statute of limitations – began to run at the moment of his release. Tinker has cited no case, and we have found none, supporting his argument that the statute was tolled anew upon his re-arrest five weeks later. Consequently, the statute of limitations expired on August 11, 1990, almost a year before Tinker filed this suit in June 1991. See *Burrell v. Newsome*, 883 F.2d [416,] 420 [(5th Cir. 1989)] (citing cases)

691 A.2d at 65.

Other circuits are in accord. In *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994), the Eleventh Circuit held that the limitations period under Alabama law for a § 1983 claim began to run when the plaintiff escaped from prison, and, when he was recaptured, "his reincarceration did not toll the period a second time." 32 F.3d at 537. In *Glover v. Johnson*, 831 F.2d 99 (5th Cir. 1987), the Fifth Circuit held that the limitations period under Texas law began to run upon the plaintiff's escape from custody in 1983, and that, although he was arrested in 1984 and returned to Texas, his civil rights suit filed

in 1986 was time-barred by Texas's two-year statute of limitations.  *Id*. at 101.  The court

explained:

> . . . Tolling of limitations is grounded in equity, as reflected by the
> doctrine of *contra non valentem agere nulla currit praescriptio*, no
> prescription runs against a person unable to bring an action. But it is
> axiomatic that one who would embrace equity must do so with clean
> hands. During the time that Glover was at large he was free to file suit.
> That his fugitive status militated against his doing so lay entirely at his
> doorstep. The limitations shield raised by his arrest was lowered by his
> escape. . . .

*Id.* at 101.

It is not disputed that Plaintiff escaped from custody on September 19, 1988, and

was not returned to custody until March 7, 1989.  Plaintiff freely conceded this.  He

stated in his brief and opposition to the District's motion for summary affirmance before

the Court of Appeals, that

> On or about [S]eptember 19, 1998, plaintiff-appellant did take flight from
> custody, on or about 3-7-1989, plaintiff-appellant was apprehended and
> returned to custody.

Plaintiff's Appellate Brief at 3.  Indeed, Plaintiff was out of custody for more than five

months, substantially longer than Tinker, who was free for only five weeks. Therefore,

Plaintiff's escape in 1988 irrevocably lifted the tolling provision in D.C. Code § 12-

302(a)(3) (2001) and started the running of the three-year statute of limitations under

D.C. Code § 12-301(8) (2001).  Since limitations period for Plaintiff's claims herein

expired in 1991, summary judgment should be granted to Defendant.

**B.  The VCCR does not create individually enforceable rights.**

An alternative ground for dismissing the complaint is that the VCCR did not

accord Plaintiff rights enforceable under § 1983. The Second, Third, Fifth, Sixth, Ninth,

and Eleventh Circuits have held that the VCCR does not create individually enforceable

rights. *See Gandara v. Bennett*, 528 F.3d 832, 2008 WL 2130577 (11th Cir. 2008); *Mora v. People of State of New York*, 524 F.3d 183, 196-197 (2d Cir. 2008); *Cornejo v. County of San Diego*, 504 F.3d 853, 855 (9th Cir. 2007); *United States v. Emuegbunam*, 268 F.3d 377, 392 (6th Cir. 2001); *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001).

As the Ninth Circuit explained in *Cornejo*:

> We agree with the district court that Article 36 does not create judicially enforceable rights. Article 36 confers legal rights and obligations on *States* in order to facilitate and promote consular functions. Consular functions include protecting the interests of detained nationals, and for that purpose detainees have the right (if they want) for the consular post to be notified of their situation. In this sense, detained foreign nationals benefit from Article 36's provisions. But the right to protect nationals belongs to *States* party to the Convention; no private right is unambiguously conferred on individual detainees such that they may pursue it through § 1983.

504 F.3d at 855 (emphasis in original).

This conclusion finds support in the text of the VCCR. As the Sixth Circuit in *Emuegbunam* observed:

> . . . [T]he Preamble to the Vienna Convention expressly disclaims the creation of any individual rights: "[T]he purpose of such privileges and immunities is *not to benefit individuals* but to ensure the efficient performance of functions by consular posts on behalf of their respective States." Vienna Convention, 21 U.S.T. at 79, 596 U.N.T.S. at 262 (emphasis added). Similarly, Chapter II of the treaty, in which Article 36 appears, concerns the privileges and immunities of consular officers, not detained foreign nationals. Moreover, consistent with the background presumption against implying personal rights in international treaties, the rights contained in Article 36 belong to the party states, not individuals.

268 F.3d at 392 (emphasis in original).

Only the Seventh Circuit is to the contrary. In *Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2007), the court held that "[i]t is a mistake to allow general language of a preamble to create an ambiguity in specific statutory or treaty text where none exists" and that

"[c]ourts should look to materials like preambles and titles only if the text of the instrument is ambiguous," *id.* at 834, and concluded that once a plaintiff has demonstrated that a treaty confers an individual right, the right is presumptively enforceable under § 1983. *Id.* at 835. However, the Eleventh Circuit in *Gandara* analyzed the reasoning in *Jogi* and found it unpersuasive for the following five reasons.

(1) The court in *Gandara* noted that "[e]ven though treaties may accord enforceable individual rights, most courts accept a 'presumption' against inferring such rights from international treaties" and "[t]hus, the general rule is that '[i]nternational agreements, even those directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts, but there are exceptions with respect to both rights and remedies.'" *Id., quoting Cornejo,* 504 F.3d at 859 (*quoting* RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 907 cmt. a (1987)).

(2) The court further noted:

> The "context" of a treaty includes its preamble . . . and we rely on it to provide context for the terms of Article 36(1)(b) because "a treaty must be interpreted as a whole in light of its object and purpose, including the preamble." The preamble to the Vienna Convention is clear that the drafters did not intend to create individual rights. It states that the signatories "[r]ealiz[ed] that the purpose of such privileges and immunities [created by the Treaty] is *not to benefit individuals* but to ensure the efficient performance of functions by consular posts on behalf of their respective States."

*Gandara*, 528 F.3d 832 at *3 (citations omitted).

(3) Agreeing with the Ninth Circuit in *Cornejo*, the court in *Gandara* held that "Article 36 confers legal rights and obligations on *States* in order to facilitate and promote consular functions" but "no private right is unambiguously conferred on individual detainees such that they may pursue it through § 1983." 528 F.3d 832 at *4.

9

(4) The *Gandara* court also observed that "the Vienna Convention does not expressly provide for private damage actions" but "[i]nstead, 'the plain words of the Treaty provide that the notification right "shall be exercised," not that failure to notify should be compensated.'" 528 F.3d 832 at *4, *quoting Cornejo,* 504 F.3d at 861 n.14.

(5) Finally, the *Gandara* court noted that "the position of the United States Department of State, which is entitled to 'great weight,' also reinforces this view," noting that "[t]he Department of State has repeatedly affirmed that 'the only remedies for failures of consular notification under the Vienna Convention are diplomatic, political, or [those that] exist between the states under international law . . . [t]he right of an individual to communicate with his consular official is derivative of the sending state's right to extend consular protection to its nationals[.]" 528 F.3d 832 at *5, *quoting Cornejo,* 504 F.3d at 862, *quoting in turn, United States v. Li*, 206 F.3d 56, 63 (1st Cir. 2000).

Based on above, the reasoning of *Gandara*, *Cornejo*, *Mora*, *Emuegbunam*, and *Jimenez-Nava* is persuasive and should be followed here. Therefore, the complaint should be dismissed on the ground that the VCCR does not confer any individually enforceable rights.

**C.  Plaintiff's belated discovery of rights he alleges he has under the VCCR does not postpone the accrual of Plaintiff's cause of action.**

Plaintiff contends that he did not become aware of his alleged rights under the VCCR until 2004. See Complaint ¶ 29.  Plaintiff may argue, as he has in his brief before the Court of Appeals, that under the "discovery rule," Plaintiff's cause of action under 42 U.S.C. § 1983 did not accrue until he was aware that he had an individual right (as

opposed  to a right on the part of the signatory States) enforceable under § 1983, based on the failure to advise him of his right to communicate with his country's consular office under Article 36 of the VCCR.

However, the discovery rule applies only if a plaintiff was unable by due diligence to discover facts, not because the plaintiff was unaware of a legal theory.  See *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (affirming dismissal under 28 U.S.C. § 1915 on statute of limitations grounds of a § 1983 complaint by a prisoner who alleged  he was exposed to asbestos four years before he filed the complaint but did not realize the legal significance of this exposure until he had read newspaper articles about similar lawsuits); *United States v. Kubrick*, 444 U.S. 111, 122 (1979) ("We are unconvinced that for statute of  limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16 (D.D.C. 2006) ("Knowledge of facts, and not knowledge of the legal significance of those facts, controls the time of accrual.").

The "injury" alleged here is the failure of the arresting officers to advise Plaintiff of his right under Article 36 of the VCCR  to communicate with his country's consular office. Article 36(1)(b) of the VCCR has been in effect since 1963.  It states that "if he [the foreign national] so requests, the competent authorities of the receiving State shall inform the person concerned without delay of his rights under this paragraph."  This is not a case where there is an assertion of fraudulent concealment or other wrongful conduct kept plaintiff in ignorance of critical facts. The fact that Plaintiff was unaware of

this treaty provision did not postpone accrual of any cause of action he may have had thereunder.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendant District of Columbia, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56, hereby moves that this Honorable Court grant the District of Columbia summary judgment on all claims against it because the Plaintiff's claim is barred by the statute of limitations, Plaintiff's claim is not subject to the tolling provisions by virtue of his escape from prison, the Vienna Convention on Consular Relations does not create individually enforceable rights, and because Plaintiff's delayed discovery of rights he allegedly has under the VCCR does not postpone the accrual of his cause of action.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson         *wj*
KIMBERLY MATTHEWS JOHNSON [#435163]
Chief, General Litigation Section I

/S/   Soriya R. Chhe
SORIYA R. CHHE [#986736]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
Tel: (202) 724-6522
Fax: (202) 741-0581
soriya.chhe@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VERNON NORMAN EARLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-00072 (PLF) |
| | ) | |
| WASHINGTON DC POLICE DEPT. et al, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.      Plaintiff escaped from the Lorton Reformatory on September 19, 1988. (See Exhibit 1 and Plaintiff's Opposition to the District's Motion for Summary Affirmance at 2).

2.      Plaintiff remained on escape status from the time of his escape until he was captured on March 7, 1989.  (See Exhibit 2)

3.      Plaintiff was captured on March 7, 1989 in Baltimore by the United States Marshals Service.  (See Exhibit 3).

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson      *wj*
KIMBERLY MATTHEWS JOHNSON [#435163]
Chief, General Litigation Section I

/S/   Soriya R. Chhe
SORIYA R. CHHE [#986736]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
Tel: (202) 724-6522
Fax: (202) 741-0581
soriya.chhe@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VERNON NORMAN EARLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-00072 (PLF) |
| | ) | |
| WASHINGTON DC POLICE DEPT. et al, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER</u>

UPON consideration of the Defendant's Motion to Dismiss, any opposition thereto, and the entire record in this matter, it is this _____ day of _____ 2010, hereby

**ORDERED** that the Defendant's Motion to Dismiss is GRANTED, and it is,

**FURTHER ORDERED** that Plaintiff's complaint is dismissed with prejudice as against the District of Columbia.

_____
JUDGE PAUL L. FRIEDMAN
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

AAG Soriya R. Chhe
Attorney for Defendant Metropolitan Police Department

Christopher Amar, Esq.
Attorney for Plaintiff